IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-00073-D

| | |
|---|---|
| IN RE DENNING )<br>Bankruptcy Appeal from Order )<br> )<br> )<br>MARJORIE K. LYNCH, )<br>Bankruptcy Administrator, )<br> )<br>         Appellant, )<br> )<br>       v. )<br> )<br>JORDAN MAX DENNING )<br> )<br>         Appellee. ) | **ORDER** |

      This case involves whether a third party auctioneer is an "insider" of the debtors under 11 U.S.C. § 101(31). Third parties having a certain, statutorily defined relationship with a debtor are considered "statutory insiders" under section 101(31) and may not provide professional services to the debtor. However, due to section 101(31)'s use of the word "includes," the definition of statutory insiders is not exclusive. Accordingly, and semantically odd, third parties having a sufficiently close relationship with a debtor are considered "non-statutory insiders" under section 101(31) and also may not provide professional services to the debtor. The term "non-statutory insider" is semantically odd because both statutory and non-statutory insider statuses are grounded in 11 U.S.C. § 101(31).

      The United States Bankruptcy Court for the Eastern District of North Carolina determined that Country Boys Auction and Realty, Inc. ("Country Boys") is not an "insider" of the debtor, Jordan Max Denning ("Denning" or "debtor"), under 11 U.S.C. § 101(31) and, therefore, is not disqualified to serve as the bankruptcy estate's auctioneer. The Bankruptcy Administrator has filed this appeal, which focuses on whether Country Boys is a non-statutory insider under 11 U.S.C. § 101(31). As explained below, Country Boys is not a statutory or non-statutory insider under 11 U.S.C. § 101(31). Accordingly, the court affirms the bankruptcy court's judgment.

I.

On September 8, 2010, Jordan Max Denning ("Denning" or "debtor") filed a voluntary bankruptcy petition under Chapter 11 of the bankruptcy code. Voluntary Pet. [D.E. 2-1]. The next day, Denning applied to retain Douglas M. Gurkins as his chief restructuring officer ("CRO") [D.E. 2-2]. On September 23, 2010, the bankruptcy court approved Denning's application. Order Approving CRO [D.E. 2-3]. As CRO, Douglas Gurkins carried "all of the rights, powers and duties of a debtor in possession" under the bankruptcy code. Id. ¶ 5. On December 30, 2010, Denning sought to employ Country Boys as auctioneer to sell Denning's assets. Appl. for Approval of Auctioneer [D.E. 2-6]. Country Boys's commission was to be set by local court rules and by a court-established commissions scale. See id. ¶ 5; Mem. Supp. Appl. for Approval of Auctioneer [D.E. 2-9] ¶¶ 3, 5; Appellee Br. [D.E. 11] 13–15 & Attach. 1. No other auction firm was considered for the position. Hr'g Tr. [D.E. 3] 73.

Country Boys is a highly regarded and capable auction company. Nevertheless, on January 20, 2011, the Bankruptcy Administrator objected to the employment of Country Boys, arguing that the company was an "insider" of Denning under 11 U.S.C. § 101(31). Bankruptcy Administrator's Objection [D.E. 2-8].

Denning has no direct connection with Country Boys. See Order Approving Auctioneer [D.E. 1-1] 2–3; Appl. for Approval of Auctioneer ¶ 2. But approximately five and one-half years before Denning hired Douglas Gurkins as his CRO—and approximately six years before Denning sought to employ Country Boys as his auctioneer—Douglas Gurkins was the president and principal shareholder of Country Boys. See Suppl. to Appl. for Approval of Auctioneer [D.E. 2-12] ¶¶ 2, 4. In January 2005, Douglas Gurkins resigned as president and transferred all of his shares to his adult son, Michael Gurkins. See Am. to Appl. for Approval of Auctioneer [D.E. 2-7] ¶ 3; Suppl. to Appl. for Approval of Auctioneer ¶¶ 2, 4(c). Michael Gurkins is Country Boys's current president and principal shareholder and is a well-regarded auctioneer. See Am. to Appl. for Approval of

2

Auctioneer ¶ 3; Suppl. to Appl. for Approval of Auctioneer ¶ 4(c). Douglas Gurkins has, however, continued to use a Country Boys email address, see Hr'g Tr. 74, and, until this litigation, was mentioned on the masthead of the company website. See id. 73–74; compare Bankruptcy Administrator's Objection, Ex. A, with Country Boys Auction & Realty, Inc., Homepage, http://www.countryboysauction.com (last visited Mar. 6, 2012). Furthermore, Douglas Gurkins admitted to the bankruptcy court that he "will always answer a question [from his son] if [his son] come[s] and ask[s]" him. Hr'g Tr. 74. Since resigning from Country Boys and transferring his shares, however, Douglas Gurkins has not "gained anything" or "made any money" from Country Boys. Id. More plainly, since January 2005, Douglas Gurkins has "not accepted one dime's worth of funds from Country Boy's [sic] . . . ." Id. Moreover, the relationship between the Gurkinses and Country Boys was fully disclosed before Denning selected Country Boys as the auctioneer. See Appl. for Approval of Auctioneer; Am. to Appl. for Approval of Auctioneer; Mem. Supp. Appl. for Approval of Auctioneer; Suppl. to Appl. for Approval of Auctioneer.

On January 25, 2011, the bankruptcy court held a hearing to determine whether Country Boys was an "insider" of Denning under 11 U.S.C. § 101(31) and should have been disqualified as Denning's auctioneer. Ruling from the bench that same day, the court determined that Country Boys was not an insider of Denning and that Denning could properly employ Country Boys. See Hr'g Tr. 130–33. On February 3, 2011, the bankruptcy court entered a written order approving Country Boys as Denning's auctioneer. See Order Approving Auctioneer. Following the bankruptcy court's adverse ruling, the Bankruptcy Administrator did not seek to stay the auction. See Docket Sheet [D.E. 2-13] 35–47. The auction proceeded apace, with Country Boys auctioning some of Denning's personal property on January 27, 2011. See In re Jordan Max Denning, No. 10-07293-8-JRL, [D.E. 160] (Bankr. E.D.N.C. Feb. 24, 2011); id., [D.E. 161] ¶ 4 (Bankr. E.D.N.C. Feb. 24, 2011); id., [D.E. 174] ¶ 3 (Bankr. E.D.N.C. Mar. 16, 2011); Appellee Br. 8–9. The buyers paid their respective purchase prices and took possession of their purchased property. Title was

transferred, when necessary. See In re Jordan Max Denning, No. 10-07293-8-JRL, [D.E. 138] (Bankr. E.D.N.C. Jan. 28, 2011) (ordering that Denning's personal property be sold free and clear of any liens or other interests); id., [D.E. 161] at 2–3; Appellee Br. 8. On February 24, 2011, Denning moved to approve the completed auction of his personal property and to pay Country Boys's commission. In re Jordan Max Denning, No. 10-07293-8-JRL, [D.E. 161]; see Docket Sheet 41; Appellee Br. 8. The Bankruptcy Administrator did not object. See Docket Sheet 41–47. On March 10, 2011, the Bankruptcy Administrator filed a notice of appeal [D.E. 1]. On March 16, 2011, the bankruptcy court granted Denning's motion to approve the personal-property auction, after which Denning's creditors received their proportionate share of the auction proceeds and Country Boys received its $13,724 commission. See In re Jordan Max Denning, No. 10-07293-8-JRL, [D.E. 174]; Appellee Br. 8–9. On April 21, 2011, the Bankruptcy Administrator filed an appellate brief in this court. Appellant Br. [D.E. 10]. On May 5, 2011, Denning responded in opposition to the Bankruptcy Administrator's appellate brief. Appellee Br. On May 19, 2011, the Bankruptcy Administrator replied. Appellant Reply Br. [D.E. 12].

The Bankruptcy Administrator does not allege any wrongdoing on the part of Douglas Gurkins, Michael Gurkins, or Country Boys. Bankruptcy Administrator's Objection ¶¶ 6–7. "Quite the contrary, the Bankruptcy Administrator has great respect for the credibility and hard work of both Doug and Michael Gurkins." Id. ¶ 7. The Bankruptcy Administrator's objection to Denning's employment of Country Boys focuses on the potential conflict of interest between Douglas Gurkins and Country Boys, as "the decisions made by Doug Gurkins as CRO may have a direct financial impact on himself and his son." Id. ¶ 6.

II.

This case raises the same issues as those presented in Bankruptcy Administrator v. Winslow (In re Winslow), No. 2:11-CV-00015-D, [D.E. 15] (E.D.N.C. Feb. 22, 2012). See id. 5–15. Furthermore, the facts in this case are materially indistinguishable from those in In re Winslow. See

4

id. 2–5. The legal analysis presented in In re Winslow therefore applies with equal force to this case. For the reasons provided in In re Winslow, this case is not equitably moot and Country Boys is not a statutory or non-statutory insider of Denning. Accordingly, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED. This __6__ day of March 2012.

JAMES C. DEVER III
Chief United States District Judge